No. 246

HILL v. MICHAM

Ohio Appeals, 6th Dist., Lucas Co.

No. 1728. Decided Dec. 13, 1927

1157. TAXATION—Dogs — Although Sec. 5837 GC. provides that no recovery could be had for the malicious killing of a dog in excess of double the amount for which it was listed for taxation as personal property, it does not provide that there can be no recovery for the unlawful killing of a dog which has not been so listed for taxation.

First Publication of this Opinion

WILLIAMS, J.

Ray Micham brought an action in justice court against Fred Hill to recover for the wrongful killing of a dog. Judgment was rendered in favor of Micham for $50.00. Upon appeal to the Lucas Common Pleas, judgment was rendered in favor of Micham for $75.00. Hill, in the Court of Appeals, seeks a reversal of the judgment, relying upon the decision of Edwards v. Parker. (Reported in 4 Abs. 253.)

It is claimed by Hill that the matter is settled by 5837 GC. which provides:—"A dog which has been listed and valued for taxation as personal property, and the tax upon such valuation and per capita tax upon such dog having been paid, if due, shall be considered as personal property and have all the rights and privileges and be subject to like lawful restraints as other live stock. A recovery shall not be had for the malicious and unlawful killing of such dog in excess of double the amount for which it is listed."

The Court of Appeals held:

1. This section, in so far as it states that a dog listed and valued for taxation and upon which the general tax and per capita tax have been paid, shall be personal property, is but declarative of the common law as it existed in Ohio prior to the enactment of the statute. It does not provide that there can be no recovery for the unlawful killing of a dog which has not been so listed for taxation as personal property.

2. If the proper construction of this section is that it forbids the right to recover for the wrongful killing of a dog, it would interfere with the right of private property as guaranteed by the federal and state constitutions.

3. A dog is property and a statute which takes away the right of property by permitting its wanton and malicious destruction without redress would be unconstitutional.

4. It is not necessary by the terms of the statute to give it a construction which would make it an invasion of the right of private property, and therefore unconstitutional.

Judgment affirmed.

This judgment being in conflict with the judgment pronounced by the Court of Appeals of Hamilton County, (4 Abs. 253) the record will be certified to the Supreme Court for review and final determination.

(Culbert & Richards, JJ., concur.)

Attorneys—M. O. Rettig for Hill; Edward H. Ray for Micham; both of Toledo.

No. 247

CENTRAL ACCEPT. CORP. v. PAYNE et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1508. Decided Feb. 23, 1927

851. NOTICE—Where one purchases an automobile, receives a bill of sale and records same, he is not bound to take notice of prior unrecorded chattel mortgage.

First Publication of this Opinion

ALLREAD, J.

The Central Acceptance Corporation brought a suit in replevin in the Franklin Common Pleas against Bernard W. Payne and others to recover a certain automobile upon which the company claimed to hold a chattel mortgage. The answer was in the form of a general denial.

Upon trial in the court below, Payne et. recovered judgment. Error is prosecuted here by the Corporation, upon the following facts: The original owner from whom both parties claim title sold the car to Payne et. issuing a bill of sale which was duly filed. Sometime prior to the aforementioned sale, a chattel mortgage was purported to have been given by one O. D. Steel in favor of the original owner, who transferred same to the Corporation. No bill of sale was given by the original owner to Steele.

The Court of Appeals held:

1. The title so far as the record in the clerk's office is concerned, remained in the original owner up to the time the same was transferred to Payne. The lower court finding that the chattel mortgage given was unauthorized by Steele.

2. But even if we accept the contention for the Corporation, that the chattel mortgage was good by way of estoppel, the question still remains, was Payne et. bound to take notice of the unrecorded sale.

3. Under the real estate mortgage act it has been repeatedly held that a purchaser from one holding the title of record is not bound to take notice of conveyances not in the chain of title.

4. "A purchaser of real property from one who appears of record to have the title is not required to examine for mortgages made to the latter after he became the owner; nor, is the record of such a mortgage constructive notice to the purchaser of a prior unrecorded deed made by his grantor to the mortgagee." Sternberger v. Ragland, 57 OS. 148.

5. The automobile legislation act is still more stringent than the real estate act and Payne, et al. are not bound to take notice of such chattel mortgage.

Judgment affirmed.

(Ferneding & Kunkle, JJ., concur.)

Attorneys—W. B. McLeskey; and E. A. Grabeil for Corporation; W. S. Cowqn for Payne et; all of Columbus.